NO. 7712.

ALBERT WEIBLEN MARBLE
& GRANITE CO.

vs

WALTER VAN BENTHUYSEN.

STATE OF LOUISIANA.

COURT OF APPEAL

PARISH OF ORLEANS.

7712

Judgment ~~affirmed~~ *Reversed*

St. Paul, Jn re.

This case involves only a question of fact. Plaintiff contracted to finish and erect for defendant a marble mantel, and did finish and start to erect such a mantel; but defendant stopped the work and refused to pay for it on the ground that the mantel was not as contracted for.

The burden of defendant's main complaint, and the purport of his own testimony and that of his principal witness in support thereof, cannot be better stated than by giving the impression produced on the mind of an architect whom he called in to examine and pass upon the mantel, and who wrote defendant as follows;

> "x x x x I understand from you that the new mantel was to be a reproduction in detail and workmanship and finish of that in the drawing room, excepting that the elaborate carvings in panels and wreaths around the columns were to be omitted: x x x x x the designer has entirely lost sight of the spirit of the design and there is only the vaguest resemblance to the original."

Plaintiff emphatically denies that "the new mantel was to be a reproduction in detail and workmanship and finish of that in the drawing-room, excepting etc", but on the contrary, says that the mantel was to be finished and erected according to a detailed sketch submitted to and approved by defendant; and he and his principal witness so swear.

335

so that it simply a question of what testimony we are
to accept.

I.

we accept the testimony on behalf of plaintiff and for
these reasons particularly. Admittedly several sketches were
submitted to and examined by defendant, and these show on
their face changes not only in details but ALSO in style and
construction, all of which are so prominent as to be noticeable
at a glance; the first even bears a pencil memorandum showing
that the very height of the mantel was to be reduced from
nearly five feeteto less than four· which notation was
evidently made whilst this sketch was under discussion. It
is unbelivable therefore that these changes were not observed.
It is also unbeliwable that a skill·s (or unskilled) draftsman
should have made three successive efforts to sketch a simple
physical object standing right before him, and ye he so
signally failed in the attempt as to have produced "only the
                                                    so
vaguest resemblance to the original." This is obvious as to
have drawn from one witness when shown a working drawing,
the alleged protest, 'I do not see the necessity of that
since you have your model right here."

II.

It is claimed that plaintiff admitted he had not carried
out his contract, and had offered to take back his first
failure and make another (mantel not failure).

336

Plaintiff says he made this offer "very ironically", and this is more than likely; for he had not agreed to duplicate the drawing room mantel, and had said from the ##### start that he could not duplicate it for the price which defendant wished to pay, and hence could never have had any serious intention to do so; indeed the whole testimony shows that he was plainly in no such humor.

But even if seriously made his offer was clearly one of compromise, which must fall for two reasons I. It was not in writing (C. C. 3071), and 2. It was rejected (See Letter of Nov 17.)

III.

For the rest, the complaint about material and workmanship seems purely an afterthought. Defendant saw both, when the work was about finished but not yet set up, and yet made no complaint about either; it happened however that when it was being put up it did not (according to the taste of defendant) harmonize with its surroundings, especially in size, and so the work was stopped, and now faults showed up plentifully where none had been seen before.

IV.

The trial judge found for the defendant, but as the testimony was all taken out of his presence we feel no hesitation in disagreeing with his finding.

337

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff have judgment against defendant for the sum of Three hundred and ten dollars with legal interest from judicial demand and the costs of both courts.

New Orleans, La, April 5th, 1920